State vs. Deffes.

---

No. 10,876.

THE STATE OF LOUISIANA VS. S. DEFFES.

In case there is shown to have been no contestation in the recorder's court, in reference to the constitutionality or legality of the city ordinance that is drawn in question, this court has no jurisdiction of the subject matter of the controversy.

APPEAL from the First Recorder's Court of New Orleans. *Bringier, J.*

---

*Henry Renshaw, Assistant City Attorney, Carleton Hunt, City Attorney,* and *Sambola & Ducros* for Plaintiff and Appellee.

---

*Branch K. Miller* for Defendant and Appellant.

---

The opinion of the court was delivered by

WATKINS, J. The defendant is appellant from a sentence and decree of the recorder finding him guilty of a violation of certain city ordinances prohibiting the establishment of any private market within a given distance from any public market of the city.

In the lower court the defendant's answer appears to have been oral, inasmuch as no answer or plea in writing is amongst the original papers, which are brought up for our review; and a statement of facts, signed by the recorder, announces that " the issue presented, in case an appeal is taken, is whether the prohibited distance is six squares as walked, of whatever length, or 2100 feet."

---

Prior to the submission of the case, an order was made directing *certiorari* to issue requiring the recorder to produce and file certain original papers, said to contain an alleged plea of defendant denying the legality and constitutionality of the ordinance under which this prosecution is conducted, and which does not appear to form part of the record.

To this rule the recorder filed answer, and therein specifically stated that he has no recollection of any such plea having been made, and having no such recollection, he caused testimony to be taken on the subject, in [order to comply with the order of court; and he avers and represents that said testimony when taken failed to establish that any such plea was made.

The recorder's return appears to be conclusive on the question and to establish the fact that no such plea was ever made in his court.

This question eliminated from the case, practically, it is left without an appealable or jurisdictional issue.

In State vs. Clesi, 44 An. 85, we recently said that in case the record discloses that there was raised in the recorder's court no contestation as to the constitutionality or legality of the city ordinance under which the appellant is prosecuted, the appellate jurisdiction of this court does not attach—citing previous decisions. State ex rel. Lamorgue vs. Recorder, 39 An. 341; City of New Orleans vs. Hill, 32 An. 1162; State vs. Romano, 37 An. 98; State ex rel. Hank vs. Judge, 35 An. 1190.

The only thing left us to do is to affirm the judgment.